**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IAN MAUSNER, an individual, on behalf of himself and as trustee for the Borg Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MARKETBYTE, LLC, a California limited liability company; LAWRENCE D. ISEN; DAVID FREDERICK BAHR, <br><br> Defendants-Appellees. | No. 14-56468 <br><br> D.C. No. 3:12-cv-02461-NLS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Nita L. Stormes, Magistrate Judge, Presiding

Argued and Submitted August 31, 2016
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and ZIPPS,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

Ian Mausner appeals the district court's order granting summary judgment in favor of Defendants Marketbyte, Isen, and Bahr on Mausner's common law fraud and negligent misrepresentation claims based on direct fraudulent inducement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

Mausner argues that the district court erred when it held that Mausner's First Amended Complaint ("FAC") did not include causes of action for common law fraud and negligent misrepresentation based on direct fraudulent inducement. While the district court correctly concluded that the FAC states a claim based on a pump-and-dump theory, the FAC also pleads a direct fraudulent inducement theory. A combination of aspects of the FAC leads us to this conclusion. For example, one of the subsections of the FAC, under the section titled "FACTS COMMON TO ALL CAUSES," is titled "DEFENDANTS MADE FALSE REPRESENTATIONS DIRECTLY TO PLAINTIFF AND INTENDED TO INDUCE PLAINTIFF'S RELIANCE ON THESE STATEMENTS." Moreover, the FAC includes several allegations that false or misleading statements were made directly to Mausner and that Mausner relied on these false or misleading statements in his investment decisions. After reading the FAC and taking it in its entirety, we hold that the FAC pled, and thus sufficiently put Defendants on notice of, causes of action for common law fraud and negligent misrepresentation based on direct

2

fraudulent inducement.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Because we hold that the FAC states a claim based on a fraudulent inducement theory, we need not reach the issue of whether Mausner's supplemental discovery responses put Defendants on notice of such a theory.

Defendants argue, and the district court held, that even if the Defendants were on notice of a fraudulent inducement theory, summary judgment should still be granted in the Defendants' favor because Mausner failed to provide an expert to testify as to the damages caused by Defendants' alleged fraud and negligent misrepresentations.  The district court assumed that an expert was required here, as one would be for claims based on a fraud-on-the-market theory.  However, neither the district court nor the Defendants point to any California law requiring an expert for these torts, and we find none.  To the contrary, California law permits damages for fraud and negligent misrepresentation to be proved in a variety of ways, including by out-of-pocket losses.  *See Strebel v. Brenlar Invs., Inc.*, 135 Cal. App. 4th 740, 749–50 (2006).  Without clear law from California courts, it was inappropriate for the district court to require Mausner to either provide a damages expert or suffer summary judgment.  Our decision does not foreclose the parties from renewing the argument, which may benefit from further factual development.

Mausner also appeals the district court's grant of summary judgment as to

Heart Tronics (formerly Signalife). The district court held that because Mausner could not "point to any specific conversation, phone call or advice" regarding fraudulent statements about Heart Tronics, there was "no evidence from which a finder of fact could reasonably conclude that the parties ever discussed Heart Tronics." However, Mausner's declaration in opposition to summary judgment identifies one or two phone calls from Defendant Isen, including at least one call on October 1, 2007, in which Isen told him that Heart Tronics had strong prospects and recommended that he invest in the company. Thus, the district court erred in granting summary judgment on this ground.

*Sua sponte*, the district court granted summary judgment for Defendant Bahr and dismissed him from the lawsuit. To the extent that the district court's grant was based on the questions of law discussed above, it erred for the reasons discussed above. To the extent that it was based on independent analysis of the factual allegations related to Bahr, Mausner did not have reasonable notice that his claims against Bahr would be in issue. *See United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008). Bahr did not move for summary judgment and the district court did not inform Mausner that the claims related to Bahr would be in issue. Therefore, the district court erred in *sua sponte* granting summary judgment for Bahr.

4

**REVERSED** and **REMANDED.**